IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**HERSHALL PARSLEY,**
Plaintiff,

v.   CIVIL ACTION NO. 3:17-cv-04322

**NORFOLK AND WESTERN RAILWAY COMPANY,**
Defendant

## NOTICE OF REMOVAL

Defendant Norfolk Southern Railway Company ("NSRC")[1], pursuant to the provisions of 28 U.S.C. § 1446, hereby gives notice of the removal of the case styled as "Hershall Parsley v. Norfolk and Western Railway Company," Civil Action No. 17-C-145, currently pending in the Circuit Court of Wayne County, West Virginia to this Court. As grounds for removal, NSRC states as follows:

1. The Plaintiff, Hershall Parsley, instituted this civil action in the Circuit Court of Wayne County, West Virginia on or about October 10, 2017.

2. Service of the Summons and Complaint ("Complaint") in this matter was made upon NSRC through service upon the West Virginia Secretary of State on October 18, 2017.

3. This Notice of Removal, filed on November 15, 2017, is therefore timely under 28 U.S.C. § 1446(b), in that removal has occurred within 30 days of service of the Summons and Complaint upon NSRC.

4. In accordance with 28 U.S.C. § 1446(a), a copy of the Summons and Complaint (with accompanying exhibits) served on NSRC is attached hereto as ***Exhibit B***. A copy of the

---

[1] Norfolk and Western Railway Company ("N&W") was incorrectly named as the Defendant. N&W was merged into Norfolk Southern Railway Company in the 1990s. See *West Virginia Secretary of State Business Organization Detail* (***Exhibit A***).

docket sheet for this matter in the Circuit Court of Wayne County is attached as ***Exhibit C***. Other than these filings, no other proceedings have occurred in state court, and no other pleadings, process or orders have been served.

5.   Venue for this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the state court action was pending.

6.   This is a civil action that falls under this Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

7.   In his Complaint, Plaintiff alleges he is a resident and citizen of Ohio.

8.   Defendant NSRC is a Virginia corporation having its principal place of business in Norfolk, Virginia.[2] As such, for purposes of diversity jurisdiction, NSRC is a citizen of Virginia.

9.   Thus, complete diversity among the parties exists.

10.  Plaintiff alleges that an agreement was reached in the early 1900s by which N&W would construct and permanently maintain a railroad crossing on certain property in Wayne County, West Virginia. According to Plaintiff, Mary and William Parsley purchased the property in 1992.

11.  Plaintiff alleges that a fire occurred at a home on this property on December 24, 2011. According to Plaintiff, the "property owners" were told at the time by the Wayne County Sheriff that the Crum Fire Department could not get to the house due to a railroad crossing being

---

[2] Like NSRC, N&W was a Virginia corporation with its principal place of business in Virginia. See *West Virginia Secretary of State Business Organization Detail, Exhibit A.*

2

removed. Plaintiff alleges this was the first time he was made aware of the crossing being removed.

12. Nearly a year later, on October 12, 2012, Plaintiff, Hershall Parsley, alleges his father William Parsley passed away and that he "became the heir owner of this property."

13. Plaintiff's Complaint alleges a single cause of action: "Count I Negligence in Maintaining Crossing." He seeks "the funds to replace the structure that stood on the property" and a court order requiring NSRC to "immediately replace the crossing and forever maintain it." Plaintiff also requests "costs, prejudgment and post judgment interest."

14. For purposes of removal, the amount in controversy is determined by considering the judgment that could be entered if the Plaintiff prevails on the merits of his case as it stands at the time of removal. Based upon the allegations contained in the Complaint, the amount placed in controversy by the claims advanced in Plaintiff's Complaint exceeds the sum of $75,000.00, exclusive of interest and costs.

15. Plaintiff alleges three specific actions of damage that carry monetary value for purposes of the amount in controversy: (a) a requirement that NSRC construct a private railroad crossing, (b) a requirement that NSRC "forever maintain" a private railroad crossing and (c) an award to Plaintiff of funds necessary to replace a home on the property.

16. As set forth in the affidavit of James Erickson, the Division Engineer of NSRC's Pocahontas Division, constructing a private railroad crossing is an involved process that includes several steps, such as aligning the rails, ensuring the gauge and tie-spacing is proper, paving, compacting, leveling, and blending to the existing road bed. The cost to construct a standard 24-foot private road crossing like the one requested in this case would be between $24,000 and $26,400. See *Affidavit of James Erickson* (***Exhibit D***).

17. Maintaining a private crossing on the track at issue in this case consists of weekly inspections to ensure the crossing and its components (such as the rail, the ties, etc.) comply with the Federal Railroad Administration's regulations. The average *annual* cost of maintaining a private railroad crossing is at least $300. See *Affidavit of James Erickson, Exhibit D.* Per his Complaint, Plaintiff demands that this Court require NSRC to maintain the crossing *forever*.

18. Additionally, every five years, railroad ties are replaced. For private crossings, this requires the crossing to be taken out and replaced. Therefore, the $24,000 to $26,400 construction cost will be incurred every five years. See *Affidavit of James Erickson, Exhibit D.* Therefore, the construction costs associated with the initial construction and tie replacement will exceed $75,000 within 10 to 15 years.

19. Finally, Plaintiff seeks an award for funds to replace the home on the property. Within his Complaint, Plaintiff provided no information regarding the home, such as size, age, condition, etc. The only information comes from publically available tax records for tax year 2011, which lists the assessed value of the structure on the property as $5,880. See *2011 Tax Ticket* (**Exhibit E**). In 2011, and today, West Virginia law requires property to be assessed at 60% of the estimated market value. See W. Va. Code § 11-3-1. Therefore, a conservative figure to attach to the home on the property in 2011 is $9,800.[3]

20. Therefore, when considering each element of damage Plaintiff alleges, the amount is controversy certainly exceeds $75,000:

      a. Crossing Construction: $24,000 to $26,400
      b. Crossing Maintenance: At least $300 annually into perpetuity
      c. Crossing Re-Construction Maintenance: $24,000 to $26,400 every 5 years into perpetuity
      d. Replacement of Home: $9,800

---

[3] Unquestionably, replacement costs for homes more often than not exceed the current market value.

21.  Based upon the foregoing, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a). Complete diversity exists between the Plaintiff and Defendant, and no Defendant is a citizen of the State of West Virginia. Further, although NSRC denies that it is liable to the Plaintiff for any of the damages sought in his Complaint, the amount placed in controversy by Plaintiff's Complaint clearly exceeds $75,000.00, exclusive of interest and costs. As such, removal of this action to this Court at this time is both timely and proper pursuant to 28 U.S.C. § 1441(a).

22.  Pursuant to Fed. R. Civ. P. 81(c), NSRC is now required to answer or otherwise plead in response to Plaintiff's Complaint on or before November 22, 2017. NSRC will be filing a Motion to Dismiss on the basis that Plaintiff's claim is time-barred and that he lacks standing.

23.  Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, a copy of this Notice will be filed with the Clerk of the Circuit Court of Wayne County, West Virginia, and served upon Plaintiff's counsel.

WHEREFORE, this action is hereby removed from the Circuit Court of Wayne County, West Virginia, to the United States District Court for the Southern District of West Virginia at Huntington, pursuant to applicable sections of the United States Code. Please take notice that no further proceedings may be had in the Circuit Court of Wayne County, West Virginia.

**NORFOLK SOUTHERN RAILWAY COMPANY**
(incorrectly named Norfolk and Western Railway Company)

By  /T. Matthew Lockhart
    Of Counsel

Angela W. Konrad, Esquire (W.Va. #5256)
angela.konrad@dinsmore.com
T. Matthew Lockhart, Esquire (W.Va. #11058)
matt.lockhart@dinsmore.com
**Dinsmore & Shohl, LLP**
Post Office Box 2185
Huntington, WV 25722-2185
P: (304) 529-6181
F: (304) 522-4312
*Counsel for Defendant*
*Norfolk Southern Railway Company*
*(incorrectly named Norfolk and Western Railway Company)*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**HERSHALL PARSLEY,**
    **Plaintiff,**

v.                              CIVIL ACTION NO. 3:17-cv-04322

**NORFOLK AND WESTERN
RAILWAY COMPANY,**
    **Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the *"Notice of Removal"* have been served upon counsel of record via the CM/ECF system on this 15th day of November, 2017:

Donald R. Jarrell
218 North Court Street
Wayne, WV 25570

**NORFOLK SOUTHERN RAILWAY COMPANY**
(incorrectly named Norfolk and Western Railway Company)

By    /s/ T. Matthew Lockhart
          Of Counsel

Angela W. Konrad, Esquire (W.Va. #5256)
angela.konrad@dinsmore.com
T. Matthew Lockhart, Esquire (W.Va. #11058)
matt.lockhart@dinsmore.com
**Dinsmore & Shohl, LLP**
Post Office Box 2185
Huntington, WV 25722-2185
P: (304) 529-6181
F: (304) 522-4312
*Counsel for Defendant*
*Norfolk Southern Railway Company*
*(incorrectly named Norfolk and Western Railway Company)*