# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

HERSHALL PARSLEY,

                Plaintiff,

v.                                          CIVIL ACTION NO. 3:17-4322

NORFOLK AND WESTERN
RAILWAY COMPANY,

                Defendant.

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Plaintiff's Motion to Remand. ECF No. 6. For reasons specified herein, Plaintiff's Motion to Remand is **DENIED**.

### I. Background

Plaintiff filed the present Complaint in Wayne County, West Virginia on October 10, 2017. ECF No. 1. Defendant removed the case to this Court on November 15, 2017 based on diversity jurisdiction. ECF No. 1. Plaintiff filed a Motion to Remand on December 14, 2017, alleging that the amount in controversy in this case is less than $75,000, thereby defeating diversity jurisdiction. ECF No. 6.

### II. Analysis

A civil action brought in state court over which federal courts have original jurisdiction may be removed to federal court by a named defendant in the action. 28 U.S.C. § 1441(a) (2017). Federal district courts have original jurisdiction over a civil action in which the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. §

1332 (2011). "Defendants seeking removal bear the burden of demonstrating that jurisdiction is proper." *Bartnikowski v. NVR, Inc.*, 307 Fed.Appx. 730, 734 (4th Cir. 2009) (unpublished opinion). A defendant must prove proper jurisdiction by a preponderance of the evidence. *Id*. *See also McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 489 (S.D.W.Va. 2001).

### a. Calculation of Amount in Controversy

Where a plaintiff does not specify a dollar amount in his prayer for relief, the Court must determine the amount in controversy in a given case. *McCoy*, 147 F.Supp.2d at 489. To do so, the Court should use common sense to consider what the plaintiff would recover if he was to prevail on the merits of his case. *Id*. The Court should "look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Id*.

In the present Complaint, Plaintiff alleges that he has suffered losses as a result of Defendant's failure to maintain a railroad crossing including the loss of a structure on his property that Plaintiff alleges burned due to Defendant's failure to maintain the crossing. ECF No. 1-2. For relief, Plaintiff requests that Defendant replace the crossing, "forever maintain [the crossing]," and provide Plaintiff with funds to rebuild the burned structure. *Id*.

While Plaintiff did not name a sum certain in his Complaint, Defendant provided the Court with evidence as to the costs of Plaintiff's requested relief in its Notice of Removal. ECF No. 1. Defendant's Division Engineer for the Pocahontas Division, James Erickson, provided a sworn statement by affidavit, submitted with Defendant's Notice of Removal. ECF No. 1-4. Mr. Erickson is the Division Engineer responsible for the area that includes the track of land in question in this case. *Id*. According to Mr. Erickson, constructing the railroad crossing as Plaintiff requests would cost between $24,000 and $26,000; the crossing would need to be replaced every five years for a cost between $24,000 and $26,000 every five years; and routine maintenance would cost

Defendant $300 per year. *Id*. As Defendant asserts in its notice of removal, Plaintiff's request for relief is that Defendant construct the crossing and maintain it into perpetuity. ECF No. 1, ECF No. 1-2.

Plaintiff additionally requests that Defendant pay for the cost of rebuilding the structure lost in the fire. ECF No. 1-2. Defendant asserts, based on property valuation, that this payment would be approximately $9,800. ECF No. 1. Taken as a whole, the costs of building and maintaining the crossing over time and the cost of rebuilding the burned structure equal a sum in excess of $75,000.

### b. Effect of Attempted Stipulation

Plaintiff attempts to refute Defendant's assertion of the amount in controversy in this case by including in his Motion to Remand: "The Plaintiff, Hershall Parsley hereby stipulates that the amount in controversy is less than Seventy-Five Thousand ($75,000.00) Dollars." ECF No. 6. It is well-established law, however, that "plaintiffs cannot avoid federal jurisdiction by later stipulating to an amount of damages below the jurisdictional minimum." *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 564 (5th Cir. 1993) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 222 (5th Cir. 1998).

In order to use a stipulation of the amount in controversy to successfully avoid federal jurisdiction in this District, a plaintiff must provide a "formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery." *McCoy*, 147 F.Supp.2d at 485. *See also* 14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3702.4 (4th ed. 2017) ("[T]o be effective, . . . any [stipulation limiting damages sought] must be filed prior to removal."). Some courts have held that the stipulation must

also be filed contemporaneously with the complaint and must be signed and notarized. *Kittredge v. Navy Fed. Credit Union*, 2016 WL 47877, at *2 (N.D.W.Va. Jan. 4, 2016) (unpublished opinion). Finally, some courts require that a stipulation accompany a complaint that states a sum-certain prayer for relief in order to be effective. *McCoy*, 147 F.Supp.2d at 485.

Oftentimes, informal and non-binding stipulations, even if filed before removal, will not prevent federal jurisdiction. *See Dash v. FirstPlus Home Loan Owner Trust*, 248 F.Supp.2d 489, 450 (M.D.N.C. 2003) (declining to remand even though the plaintiffs had included in their complaint a non-binding stipulation that they would not seek more than $75,000 in compensatory damages because defendants showed, by a preponderance of the evidence, that the damages plaintiffs pled, if proven, would entitle the plaintiffs to recovery in excess of $75,000). Likewise, even properly executed stipulations may fail to prevent federal jurisdiction if the complaint fails to state a sum certain prayer for relief. *See Kittredge*, 2016 WL 47877, at *3 (finding that even an enforceable, unambiguous stipulation that damages were less than $75,000 that had been submitted together with the plaintiff's complaint in state court did not, on its own, require remand because the plaintiff had failed to include a sum-certain prayer for relief in the complaint).

Defective stipulations filed after removal are even less likely to succeed in preventing the exercise of federal jurisdiction. *See McCoy*, 147 F.Supp.2d at 485. Courts will remand cases to state court based on post-removal stipulations of amounts in controversy only under unique circumstances. *See Walker v. Lowe's Home Centers, Inc.*, 2010 WL 1404300, at *2 (S.D.W.Va. Mar. 30, 2010) (unpublished opinion) (remanding where the defendant joined in the post-removal stipulation that damages would not exceed $75,000).

In this case, Plaintiff's attempt to stipulate to an amount in controversy below jurisdictional limits is defective for many reasons. First, Plaintiff has made the attempt only after removal has

already been effectuated. He did not file any stipulation or affidavit with his Complaint in state court, let alone one that was formally executed and unambiguously enforceable there. Additionally, Plaintiff's assertion of his case's value in his Motion to Remand is not a binding stipulation of the kind required by courts in this District, nor does his Complaint state a prayer for relief for a sum certain. Finally, Plaintiff's request for remand does not fall within an exception or qualify as a unique circumstance such that remand would be warranted. Defendant contests Plaintiff's request for remand and Plaintiff has shown no other extenuating circumstances that except his case from the general rules set forth here.

Plaintiff's attempted stipulation, therefore, does not change the Court's findings on the issue of the amount in controversy in this case. Accordingly, the Court **FINDS** that Defendant has proven by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

    **c. Diversity of Citizenship**

As for citizenship, Plaintiff notes in his Complaint that he is a resident and citizen of Ohio. ECF No. 1. Defendant asserts in its Notice of Removal that it is a citizen of Virginia both because it is incorporated in Virginia and because its principal place of business is located in Norfolk, Virginia. ECF No. 1. Because Plaintiff is a citizen of Ohio and Defendant is a citizen of Virginia, the Court **FINDS** that there is diversity of citizenship among the parties in this case.

Defendant has proven, by a preponderance of the evidence, both the amount in controversy and the diversity requirements of diversity jurisdiction. Accordingly, the Court **FINDS** that it has original jurisdiction over the present matter and **DENIES** Plaintiff's Motion to Remand. ECF No. 6.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 9, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE