# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

HERSHALL PARSLEY,

      Plaintiff,

v.                                CIVIL ACTION NO. 3:17-4322

NORFOLK AND WESTERN
RAILWAY COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant's Motion to Dismiss. ECF No. 3. For the reasons specified herein, Defendant's Motion is **GRANTED**.

### I.    Background

Plaintiff filed the present Complaint in Wayne County, West Virginia on October 10, 2017. ECF No. 1. Defendant removed the case to this Court on November 15, 2017 based on diversity jurisdiction. ECF No. 1. Defendant then filed the present Motion to Dismiss on November 16, 2017, in which it claims that Plaintiff's claims are barred by the relevant statute of limitations and that Plaintiff has no legal standing to bring his claims. ECF No. 3. Plaintiff did not respond to Defendant's Motion.

### II.    Standard of Review

In deciding a motion to dismiss, a court must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true and draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The plaintiff's

allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant is entitled to dismissal if the plaintiff has failed to state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### III. Discussion

Plaintiff's Complaint does not make clear whether he brings this action in negligence or in contract. While Count I of the Complaint alleges that Defendant was negligent in maintaining the crossing, Plaintiff seems to also plead a breach of contract case in the Complaint. ECF No. 1-2. Reading the Complaint in a light most favorable to Plaintiff, as is required at this stage in the proceedings, the Court will consider Plaintiff's claims pursuant to both legal theories in addressing Defendant's Motion to Dismiss.

#### a. Action in Negligence

The Court's jurisdiction over this matter is grounded in diversity. As such, the *Erie* doctrine prescribes that West Virginia state law is to be used to determine matters as they pertain to statutes of limitations. *Patrick v. Sharon Steel Corp.*, 549 F.Supp. 1259, 1263 (N.D.W.Va. 1982) (citing *Erie R.R. Co. v. Tompkins*, 302 U.S. 64, 72 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.")). In West Virginia, "claims in tort for negligence . . . are governed by a two-year statute of limitation." *Trafalgar House Const., Inc. v. ZMM, Inc.*, 567 S.E.2d 294, 299 (W.Va. 2002); W.Va. Code § 55-2-12 (1959).

In his Complaint, Plaintiff claims that Defendant negligently failed to maintain a railroad crossing on the property in question and that, as a result, a structure on that property burned on December 24, 2011. ECF No. 1-2. Plaintiff did not file his Complaint in state court until October

2017, nearly six years after he suffered the alleged losses. To the extent Plaintiff pleads an action in negligence, then, Plaintiff's claims are clearly barred by the applicable statute of limitations. Accordingly, as to any negligence claim brought in Plaintiff's Complaint, the Court **GRANTS** Defendant's Motion to Dismiss.

    **b. Action in Contract**

This does not, however, dispose of all of Plaintiff's claims at this time. The Court will also analyze Plaintiff's case as it pertains to relevant contract law. The applicable statute of limitations for cases brought in contract is substantially longer than that controlling claims of negligence. In West Virginia, an action to recover for breach of a written contract must be brought within ten years after the right to bring the action accrues. W.Va. Code § 55-2-6 (1923). The Court does not reach the issue of claim accrual at this time, however, because, as explained below, the Court finds that Plaintiff has failed to show proper standing to bring his case in contract.

The Constitution requires that a plaintiff must have legal standing in order for a court to properly hear his case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing has three requirements. *Id*. First, the plaintiff must have suffered an "injury in fact," meaning he must have suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent . . ." *Id*. Second, the plaintiff must show a causal connection between the injury and the complained-of conduct. *Id*. Finally, the plaintiff must show that his injury would be "redressed by a favorable decision." *Id*. at 561 (internal quotation and citation omitted).

The plaintiff bears the burden of establishing standing. *Lujan*, 504 U.S. at 561. While it is true that, at the pleading stage, "general factual allegations . . . will suffice," a plaintiff must still plead facts sufficient to establish that he has standing to bring his claims. *Id*. Specifically to have standing to bring a breach of contract action, a plaintiff must demonstrate privity of contract or

show that he has an ownership interest in the subject of the contract in question. *RPR & Assoc. v. O'Brien/Atkins Assoc., P.A.*, 24 F.Supp.2d 515, 520 (M.D.N.C. 1998).

In his Complaint, Plaintiff provides a brief recitation of the chain of title of the land in question in this case. ECF No. 1-2. Plaintiff alleges that a contract was executed in 1916 between Defendant and C.F. Harris, his heirs and assigns, regarding the subject land. *Id*. Plaintiff attached the alleged agreement to his Complaint. *Id*. Plaintiff then alleges that Mary and William Parsley purchased this property in 1991. *Id*. Plaintiff also attached a copy of this deed transfer to his Complaint. *Id*. Finally, Plaintiff alleges that William Parsley died in 2012 and that, at the time of William Parsley's death, Plaintiff became the "heir and owner" to the property. *Id*. Plaintiff also attached William Parsley's death certificate as an exhibit to his Complaint. *Id*.

In deciding a 12(b)(6) motion, courts may consider all matters presented in the pleadings including "the complaint's allegations and the documents attached as exhibits or incorporated by reference." *Wild v. Gaskins*, 30 F.Supp.3d 458, 460 (E.D.Va. 2014) (citing *Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985)). Because Plaintiff attached the 1916 agreement, the 1991 deed transfer, and the 2012 death certificate as exhibits to his Complaint, it is proper for the Court to consider these documents in its review of the sufficiency of Plaintiff's Complaint.

The 1991 deed transfer document attached to Plaintiff's Complaint purports to transfer the land in question in this case to "Mary E. Parsley and William H. Parsley, husband and wife, . . . AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP AND NOT AS TENANTS IN COMMON." ECF No. 1-2. Where a conveyance is clear in its intention to bestow a right of survivorship, West Virginia courts are willing to recognize and enforce such a right of survivorship. *Herring v. Carroll*, 300 S.E.2d 629, 632 (W.Va. 1983). The language in the 1991

deed transfer unambiguously included a right of survivorship as between Mary and William Parsley.

Plaintiff alleges in his Complaint that William Parsley died in October 2012. ECF No. 1-2. Plaintiff does not allege anywhere in his Complaint, however, that Mary Parsley is deceased. In fact, in William Parsley's death certificate, which Plaintiff included as an exhibit to his Complaint, Mary Parsley is listed as both a surviving spouse and a death informant of William Parsley. Given the right of survivorship included in the land conveyance, then, it is clear that Mary Parsley was the one who became sole owner of the property in question upon William Parsley's death in 2012.

The only allegation Plaintiff makes as to his ownership of the property in question, that he is the heir owner, is directly contradicted by evidence he himself offered as exhibits in his preliminary pleadings. Even reading these facts in a light most favorable to Plaintiff, then, the Court finds that Plaintiff has not sufficiently pled enough facts to demonstrate the necessary privity of contract or ownership interest in the property and therefore has failed to sufficiently demonstrate standing to bring this suit. As such, to the extent that Plaintiff's claims also sound in contract, the Court **FINDS** that Plaintiff has not established standing to sue for recovery.

## IV. Conclusion

In conclusion, Plaintiff's claims in negligence are time barred under the relevant statute of limitations. To the extent Plaintiff also asserts the present claims in contract, Plaintiff has not demonstrated the requisite privity of contract or ownership interest in the property and, as a result, lacks standing to bring this suit. Accordingly, Defendant's Motion to Dismiss, ECF No. 3, is **GRANTED** and Plaintiff's case is **DISMISSED without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:      February 13, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE